1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  EXECUTIVE RISK SPECIALITY    )
    INSURANCE COMPANY,           )
12                               )      No. C09-1840 PJH (BZ)
              Plaintiff(s),      )
13                               )      **AMENDED REPORT**
         v.                      )      **AND RECOMMENDATION**
14                               )
    CROCKER SECURITIES LLC, et   )
15  al.,                         )
                                 )
16            Defendant(s).      )
    ─────────────────────────────)
17

18       Plaintiff Executive Risk Specialty Insurance Company

19  ("plaintiff") has applied for entry of default judgment

20  against defendant Douglas Green ("defendant").  Defendant has

21  not appeared in this action and did not respond to plaintiff's

22  application.  By Order dated October 30, 2009, the Honorable

23  Phyllis J. Hamilton referred to me plaintiff's motion for

24  entry of default judgment.  By Order dated December 17, 2009,

25  I required further briefing.  The following is my report and

26  recommendation for the entry of default judgment against

27  defendant.

28       On April 28, 2009 plaintiff filed a complaint against

1

1   Crocker Securities LLC, Kevin Martin, Lisa Mello, and Douglas

2   Green seeking a declaration that it is not required to provide

3   coverage, indemnity, or defense in two separate actions.  All

4   defendants except for Green have entered into a settlement

5   agreement and were dismissed by Order dated October 16, 2009.

6        Plaintiff personally served the defendant on May 22,

7   2009.  Doc. No. 11.  Defendant failed to answer the complaint

8   or otherwise defend the action.  On September 10, 2009, upon

9   plaintiff's request, the clerk of this court entered

10  defendant's default under Rule 55(a).  By its default,

11  defendant is deemed to have admitted the well-pleaded

12  averments of the complaint.  TeleVideo Systems, Inc. v.

13  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Plaintiff

14  submitted sufficient evidence to prove that defendant is not a

15  minor, incompetent, or currently serving in the military.[1]

16       Pursuant to Rule 55(b)(2), the Court may enter a default

17  judgment against a party against whom default has been

18  entered.  The decision to grant or deny a default judgment

19  under Rule 55(b) is within the discretion of the Court.  Eitel

20  v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

21       According to the allegations of the complaint, plaintiff

22  entered into a contract to provide executive and professional

23

24       [1]    A court may not enter a default judgment against an
    unrepresented minor, an incompetent person, or a person in
25  military service.  Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C.
    521.  Plaintiff has obtained a certificate from the Department
26  of Defense Manpower Data Center which confirms that defendant
    is not an active member of the military.  Further, the process
27  server that served defendant's wife with notice of this motion
    stated that defendant's wife confirmed that defendant was not
28  in the military.  Marshall Decl. ¶ 3.

1   liability insurance coverage to Crocker Securities LLC

2   ("Crocker"), a securities brokerage company, and its

3   employees, including Martin, Mello, and defendant.[2]  Compl. ¶

4   14.  Plaintiff alleges that defendant engaged in a "series of

5   fraudulent and fictitious trades . . . for the purpose of

6   artificially inflating the true market value of the securities

7   . . . ."  Compl. ¶ 17 quoting Pershing Compl. ¶ 7.  Further,

8   "the purported buys and sells involved no change in beneficial

9   ownership and Defendants controlled both the purchase and sale

10  price of the security."  Id.  The purpose of these allegedly

11  self-dealing transactions was to induce Pershing, a

12  clearinghouse, to lend "money in good faith through a margin

13  account to Crocker Securities . . . based on falsely inflated

14  prices of the [securities] as reported by Crocker Securities."

15  Compl. ¶ 21 quoting Pershing Compl. ¶ 16.  Pershing seeks to

16  recover "at least $10 million that it lent to Crocker in the

17  form of margin loans" in both the FINRA and the District Court

18  proceeding.  Compl. ¶ 22.

19      Plaintiff now seeks a declaration that it does not have a

20  duty to defend, indemnify, or provide coverage to defendant

21  ─────────────────────────

22      [2]    The allegations of the complaint restate the
    allegations of two other complaints.  One is from Pershing, LLC
    v. Crocker Securities LLC, Douglas Green, Kevin Martin and Lisa
23  Mello, FINRA Case No. 08-02336 or the "Arbitration Statement."
    The other is from Pershing LLC v. Crocker Securities and
24  Douglas Green, No. CV-08-3141 (WHA) in the United States
    District Court for the Northern District of California or the
25  "Pershing Complaint."  I have compared the complaint in this
    case with the Pershing Complaint and the Arbitration Statement
26  to determine if plaintiff's references to the other complaints
    are accurate.  I find that the references are accurate, and
27  that any allegations in the complaint that restate allegations
    from the Arbitration Statement and the Pershing Complaint are
28  accurate.

1   for claims brought by Pershing in either proceeding.  Pershing

2   is not a party to this action for declaratory relief.

3   Plaintiff has advanced several theories in support of its

4   request for relief, one of which I find persuasive.

5         In its fifth claim for relief, plaintiff argues that it

6   is entitled to its requested declaration because the Policy

7   excludes coverage for any claim "brought by . . . any entity

8   through which an Insured has sold an investment or insurance

9   product . . . ."  Compl. ¶ 58 quoting ex. A § III(I).  Both

10  the Pershing Complaint and the Arbitration Statement allege

11  that Crocker used Pershing's clearing services and sold

12  investment products through Pershing.  Compl. ¶ 61.

13        By Order dated December 17, 2009 I advised plaintiff that

14  its request for a declaration that it has no duty to indemnify

15  appeared to be well taken, but that it may still have a duty

16  to defend.  Doc. no. 107.  Plaintiff submitted additional

17  authority and briefing regarding the duty to defend, which I

18  have considered and find persuasive.  Docs. no. 108, 109.

19        Delgado v. Interinsurance Exchange of the Automobile Club

20  of So. Calif., states that "the insured need only show that

21  the underlying claim *may* fall within policy coverage; the

22  insurer must prove it *cannot*."  47 Cal.4th 302, 308 (2009)

23  quoting Montrose Chemical Corp. v Superior Court, 6 Cal.4th

24  287, 300 (1993) (emphasis in original).  Further, the duty to

25  defend exists if the insurer "becomes aware of, or if the

26  third party lawsuits pleads, facts giving rise to the

27  potential for coverage under the insuring agreement."

28  Delgado, 47 Cal.4th at 208 quoting Waller v. Truck Ins.

4

1   Exchange, Inc., 11 Cal.4th 1, 19 (1995).

2        The admitted well pleaded averments of the complaint

3   establish that defendant sold securities through Pershing by

4   using it as a clearinghouse.  Both the Arbitration Statement

5   and the Pershing Complaint state this as well.  Plaintiff has

6   established that the underlying claims cannot fall within the

7   terms of the underlying policy because the policy language

8   specifically excludes claims by "any entity through which an

9   insured has sold any investment . . . ."  Liability Coverage

10  Part of the Policy Section III(I).  Because defendant sold

11  securities through Pershing, there is no potential for

12  coverage, indemnity, or defense.  I therefore **RECOMMEND** that

13  the Court **GRANT** plaintiff's motion and enter plaintiff's

14  proposed order.

15  Dated: February 16, 2010

16

17  _____

18              Bernard Zimmerman
         United States Magistrate Judge

19

G:\BZALL\-REFS\EXECUTIVE RISK V. CROCKER SEC\AMENDED ORDER GRANTING MOTION
20  FOR DEFAULT JUDGMENT.wpd

21

22

23

24

25

26

27

28